IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WICHITA II FOURSQUARE CHURCH,**

    **Plaintiff,**

v.                                                   Case No. 21-1278-DDC-ADM

**BROTHERHOOD MUTUAL
INSURANCE COMPANY,**

    **Defendant.**

## MEMORANDUM AND ORDER

Before the court is "Defendant Brotherhood Mutual Insurance Company's Motion to Dismiss Count II of Plaintiff's Petition" (Doc. 8). In that count, which defendant seeks to dismiss, plaintiff alleges that defendant violated several aspects of the Kansas statute regulating insurance. Plaintiff failed to file a response to defendant's motion, and the time to do so now has passed. The court thus grants defendant's motion, both because the motion is unopposed and—as our court has held several times—because there's no private right of action to enforce the Kansas insurance statute or its related regulations.

**I.**    **Background**

Plaintiff owns a church building in Wichita, Kansas, that sustained significant damage from severe wind and hail in October 2019. Doc. 1-1 at 2 (Pet. ¶¶ 7–8). When the damage occurred, plaintiff held an insurance policy with defendant. *Id.* (Pet. ¶ 9). Plaintiff alleges that defendant insufficiently investigated plaintiff's damages claim, failed to document the extent of the damage, and didn't provide the full allowance to restore the building to its prior condition. *Id.* (Pet. ¶¶ 10–11).

Plaintiff sued defendant in the District Court of Butler County, Kansas. *See generally id.* (Pet.). Plaintiff asserted three claims: (1) breach of contract, (2) violations of the Kansas statute regulating insurance, Kan. Stat. Ann. § 40-2404(9), and related regulations, and (3) breach of the common law duty of good faith and fair dealing. *Id.* at 4–6 (Pet. ¶¶ 17–31). Also, plaintiff asked the court to reform the insurance policy, and award actual damages in an amount more than $2.8 million (with interest), costs, and a reasonable attorney's fee. *Id.* at 7.

Defendant removed the case to federal court based on diversity jurisdiction. Doc. 1 at 2 (Notice of Removal ¶¶ 4–7). It now seeks to dismiss Count II of the Petition (claiming violations of Kansas insurance statutes and regulations), arguing that there's no private right of action for that claim. Plaintiff didn't respond to defendant's motion. It's thus unopposed.

## II.    Legal Standard

Fed. R. Civ. P. 12(b)(6) allows a party to move the court to dismiss an action for failing "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive a Rule 12(b)(6) motion to dismiss, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

When considering a Rule 12(b)(6) motion to dismiss, the court must assume that the factual allegations in the complaint are true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). And, while this pleading standard doesn't require "'detailed factual allegations,'" it demands more

than a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court has explained, "'will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III.  Analysis

To start, our court's local rules provide that a party "who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum" unless there is a showing of excusable neglect. D. Kan. Rule 7.4(b). Because plaintiff hasn't responded to defendant's motion to dismiss, the court may "consider and decide the motion as an uncontested motion." *Id.* "Ordinarily, the court will grant the motion without further notice." *Id.* This reason alone suffices to grant defendant's motion.

But, also, defendant's motion is correct on the merits. Our court held long ago that there's no private right of action to enforce the Kansas statute regulating the insurance industry, Kan. Stat. Ann. § 40-2404(9), or its related regulations, Kan. Admin. Regs. § 40-1-34. *See Earth Scientists (Petro Servs.) Ltd. v. U.S. Fid. & Guar. Co.*, 619 F. Supp. 1465, 1468–71 (D. Kan. 1985); *King v. Fed. Ins. Co.*, 788 F. Supp. 506, 507 (D. Kan. 1992). Instead, that statute "vest[s] all power under the Act in the Commissioner of Insurance[,]" who "has the sole duty to enforce the Act." *Earth Scientists*, 619 F. Supp. at 1468. Thus, in a situation like the one plaintiff faces here, "the aggrieved insured has only two remedies to pursue—he may file suit for breach of the insurance contract and/or he may report the insurer to the Insurance Commissioner who may proceed under the Act." *Id.* at 1470.

Our court recently has reiterated this conclusion. In three cases where plaintiffs similarly raised § 40-2404(9) claims (and defendants filed similar motions to dismiss), three different judges in our court reminded plaintiffs that there's no private right of action under that statute

and its related regulations. *See Nathan C. Niles D.D.S., LLC v. AMCO Ins. Co.*, No. 21-1163-JAR-GEB, 2021 WL 5161761, at *3 (D. Kan. Nov. 5, 2021); *Evangel Assembly of God v. Bhd. Mut. Ins. Co.*, No. 21-1097-JWB, 2021 WL 4206335, at *1 (D. Kan. Sept. 16, 2021); *Cole v. State Farm Mut. Auto. Ins. Co.*, No. 17-CV-01308-EFM-TJJ, 2018 WL 2926399, at *2 (D. Kan. June 8, 2018). Plaintiff hasn't offered any contrary authority. So, the court dismisses Count II of the Petition for alleged violations of Kan. Stat. Ann. § 40-2404(9) and its related regulations.

## IV. Conclusion

For these reasons, the court grants defendant's motion to dismiss. The court dismisses Count II of the Petition with prejudice.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** "Defendant Brotherhood Mutual Insurance Company's Motion to Dismiss Count II of Plaintiff's Petition" (Doc. 8) is granted.

**IT IS SO ORDERED.**

**Dated this 4th day of April, 2022, at Kansas City, Kansas.**

                                                   **s/ Daniel D. Crabtree**
                                                   **Daniel D. Crabtree**
                                                   **United States District Judge**

---

[1] Generally, "a dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile[.]" *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (quotation cleaned up). Here, the court finds that amendment couldn't fix Count II's legal shortcoming, so amendment would prove futile. There's just no private right of action under Kan. Stat. Ann. § 40-2404(9) (and its related regulations) for plaintiff to assert.